25 CV 01754

## CAUSE #

| | | |
|---|---|---|
| **DANIEL DE OLIVEIRA, MD**<br>**PLAINTIFF** | §<br>§<br>§ | **UNITED STATES DISTRICT** |
| **V.** | §<br>§ | **COURT** |
| **VHS HARLINGEN HOSPITAL** | § | |
| **COMPANY, LLC, D.B.A.** | § | **SOUTHERN DISTRICT OF** |
| **VALLEY BAPTIST MEDICAL** | § | |
| **CENTER-HARLINGEN –** | § | |
| **TENET HEALTHCARE** | § | **NEW YORK** |
| **DEFENDANTS** | § | |

---

### PLAINTIFF'S MOTION FOR ADMISSIONS UNDER RULE 36 OF THE FEDERAL RULES OF CIVIL PROCEDURE

---

Sunday, March 2, 2025

**TO THE HONORABLE COURT:**

COMES NOW, Plaintiff **Dr. Daniel De Oliveira**, pro se, and respectfully submits

this Motion for Admissions under Rule 36 of the Federal Rules of Civil Procedure.

Plaintiff requests that Defendants **VHS Harlingen Hospital Company, LLC,**

**D.B.A. Valley Baptist Medical Center-Harlingen, and Tenet Healthcare**

respond to the following admissions in accordance with Rule 36(a)(1), which

allows a party to serve upon any other party a written request for the admission of

the truth of matters within the scope of discovery.

## I. LEGAL STANDARD

1. Under **Rule 36(a)(1) of the Federal Rules of Civil Procedure**, a party may serve a written request to admit the truth of matters relating to:

   a) **Facts, the application of law to fact, or opinions about either; and**

   b) **The genuineness of any described documents.**

2. The purpose of Rule 36 is to **narrow the issues for trial, eliminate the necessity of proving undisputed facts, and facilitate the efficient administration of justice.**

3. Pursuant to **Rule 36(a)(3),** a matter is deemed **admitted unless the responding party serves a written answer or objection within 30 days.**

4. Defendants must provide **specific denials** or **detailed explanations why they cannot truthfully admit or deny** any request, as required by **Rule 36(a)(4).**

## II. REQUESTS FOR ADMISSIONS

Plaintiff requests that Defendants admit or deny the following:

**Admit or Deny - Arbitration Clause and Jurisdiction**

1. **Admit or Deny** that the **Relocation Agreement** contained a **binding arbitration clause** that removes **subject matter jurisdiction** from **Cameron County Court at Law 1.**

2. **Admit or Deny** that the arbitration clause is **irrevocable** under the **Federal Arbitration Act (FAA)** and that neither VHS Harlingen Hospital Company, LLC, its legal team, Daniel De Oliveira, MD, his legal team, nor the court had the power to revoke the irrevocable arbitration clause under the Federal Arbitration Act (FAA).

3. **Admit or Deny** that VHS Harlingen Hospital Company, LLC, filed a lawsuit against **Dr. Daniel De Oliveira** while **omitting the arbitration clause,** misleading the court into believing it had jurisdiction.

4. **Admit or Deny** that under **federal precedent** and **the Federal Arbitration Act,** Cameron County Court at Law 1 **never had and does not have jurisdiction** over Dr. Daniel De Oliveira due to the arbitration clause.

5. **Admit or Deny** that Valley Baptist Medical Center's omission of the arbitration clause constitutes **fraud upon the court**.

**Admit or Deny - Forfeiture of Arbitration by Litigation**

6. **Admit or Deny** that VHS Hospital Company, LLC breached the contract by litigating.

7. **Admit or Deny** that VHS Hospital Company, LLC is a Tenet Healthcare subsidiary and Tenet Healthcare is responsible for its actions.

8. **Admit or Deny** that VHS Hospital Company, LLC had an actual arbitration clause in the contract.

9. **Admit or Deny** that no payments were made to Dr. Daniel De Oliveira in his individual capacity, thereby fulfilling his obligations under the contract.

10. **Admit or Deny** that VHS Hospital Company, LLC failed to initiate arbitration as required by the contract and instead pursued litigation for over five years, violating the terms of the agreement.

11. **Admit or Deny** that VHS Hospital Company, LLC filed for arbitration in 2024, far beyond the statute of limitations, after previously litigating for over five years, despite the fact that one cannot file for arbitration if a valid contract did not exist in 2024.

12. **Admit or Deny** that the contract in question was signed in 2014, the alleged breach occurred in 2016, and the statute of limitations for both expired in 2020, meaning that in 2024 there was no valid contract for JAMS to derive jurisdiction to arbitrate.

13. **Admit or Deny** that by **initiating litigation** instead of arbitration, VHS Harlingen Hospital Company, LLC, **waived its right to arbitration**, per the precedent **Perry Homes v. Cull, 258 S.W.3d 580 (Tex. 2008)**.

14. **Admit or Deny** that VHS Harlingen Hospital Company, LLC, is attempting to **arbitrate a dispute six years after the alleged breach of contract and eight years after the contract expired**.

15. **Admit or Deny** that VHS Harlingen Hospital Company, LLC's arbitration with JAMS is **time-barred** under applicable statutes and legal precedent.

16. **Admit or Deny** that Texas Supreme Court precedent establishes that when a party **chooses litigation over arbitration**, it **forfeits arbitration rights**.

17. **Admit or Deny** that VHS Hospital Tenet committed fraud upon the court by claiming dominant jurisdiction in the **192nd District Court** on case **CAUSE # DC-24-17325** to transfer the case to Cameron County Court at Law 1, despite Cameron County Court at Law 1 lacking jurisdiction over Dr. Daniel De Oliveira.

18. **Admit or Deny** that Valley Baptist Hospital Tenet committed fraud upon the court by claiming dominant jurisdiction to transfer the case from the **113th District Court** to Cameron County Court at Law 1, where a **non-existent case was illegally created** by Cameron County Court at Law 1.

19. **Admit or Deny** that VHS Harlingen Hospital Company, LLC, D.B.A. Valley Baptist Medical Center-Harlingen and Valley Baptist Realty

Company, LLC **incorrectly consolidated Cause No. 2018-CCL-01401** in violation of the arbitration clause.

20. **Admit or Deny** that the arbitration clause **does not allow case consolidation** between VHS Harlingen Hospital Company, LLC and Valley Baptist Realty Company, LLC.

21. **Admit or Deny** that the arbitration clause **removed subject matter jurisdiction** from Cameron County Court at Law 1.

22. Admit or Deny that Cameron County Court at Law 1 had no jurisdiction to consolidate cases involving VHS Harlingen Hospital Company, LLC, and Valley Baptist Realty Company, LLC.

## III. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court order Defendants **VHS Harlingen Hospital Company, LLC, D.B.A. Valley Baptist Medical Center-Harlingen, and Tenet Healthcare** to respond to these Requests for Admissions within the time required under Rule 36 of the Federal Rules of Civil Procedure.

Plaintiff further prays for any such relief the Court deems just and proper.

**Respectfully submitted,**

**Daniel De Oliveira, M.D.**
**Pro Se Plaintiff**
374 East Meadow Av., Apt C
East Meadow, NY 11554
Phone: (979) 373-4933
Email: danieldeoliveira@me.com

APPLICATION DENIED
SO ORDERED
**VERNON S. BRODERICK**
**U.S.D.J.**

Date: March 12, 2025

This case has not proceeded to the discovery phase, which is the proper
stage for such requests for admissions to be served.  Defendants have
not yet been served with the initial pleadings.

The Clerk of Court is respectfully directed to mail a copy of this Order
to pro se Plaintiff.